THE TOWN OF PUNTA GORDA, A MUNICIPAL CORPORATION, *Appellant,* v. CHARLOTTE REALTY INVESTMENT COMPANY, A CORPORATION, *Appellee.*

En Banc.

Opinion Filed February 12, 1927.

1. Where on the particular facts in the premises there is no clear abuse of discretion of error of law in granting a rehearing and allowing a plea to be filed in an equity cause, such order will not be reversed on appeal.

2. An application for leave to withdraw replication to an answer in Chancery seeking affirmative relief, and to file a plea thereto, is merely a motion to amend the pleading or proceedings in a civil action, and under Section 2629, Revised General Statutes of Florida, the complainant was authorized to apply for permission to file the plea, and the Court required to grant it upon such terms as the Court, in its discretion, should require.

3. Under Section 2629, Revised General Statutes of Florida, the courts have a broad discretion in allowing amendments.

4. In considering and passing upon a motion for leave to file a plea in Chancery, the Chancellor is not required to determine the legal sufficiency of the plea. In other words, the Court is not required to determine what its order would be if the plea were before him for consideration after being set down for argument.

5. The proper method of testing the legal sufficiency of a plea in equity is to set it down for argument.

An Appeal from the Circuit Court for Charlotte County; Geo. W. Whitehurst, Judge.

Affirmed.

*J. H. Hancock* and *Hampton, Bull & Pencke,* for Appellant;

*Leitner & Leitner,* for Appellee.

CAMPBELL, *Circuit Judge.*—The appellee, as complainant in the Court below, filed its bill of complaint against the appellant and certain other respondents, seeking to have its title to certain real estate quieted.

The Town of Punta Gorda filed an answer, denying the equities of the bill of complaint and asking for certain affirmative relief upon certain allegations set forth in the answer. To this answer the complainant filed a replication, in the nature of an answer, to the allegations which sought affirmative relief. Subsequently the complainant filed a motion for leave to withdraw its replication to the answer and to file plea of res-adjudicata, which it tendered with motion. This motion came on for hearing in the Court below on May 28, 1926, and was denied. A few days after the entry of the order denying complainant's motion for leave to file the plea, a petition for re-hearing upon the motion was filed. This petition was heard on June 16, 1926, after notice to the respondent, and the re-hearing granted and permission given for the complainant to file its plea of res-adjudicata. The Court's order is as follows: "After argument of counsel for the respective parties, and consideration of the plea offered as amended, motion granted and plea allowed to be filed in this cause."

From this interlocutory order or decree the respondent, The Town of Punta Gorda, has appealed, and has assigned two errors upon which it seeks to have this Court reverse the decree. The two assignments of error are: First, "Because the Court erred in granting a rehearing of the motion to file the so-called plea of res-adjudicata." And,

Second, ''Because the Court erred in allowing the complainant to file its so-called plea of res-adjudicata.''

We find no error in the order of the Court granting the re-hearing upon complainant's motion to file its proposed plea.

The petition for re-hearing, after directing the Court's attention to certain matters which the Court apparently failed to consider in passing upon the motion, set forth a further ground in the following language: ''It was understood at the hearing of this application prior to the 28th day of May that it would be finally presented and heard on that date, to-wit, May 28th, 1926, and that unless counsel for the complainant were notified to the contrary that this matter would be taken up on brief and that counsel would not be present; that on that date, to-wit, May 28th, 1926, counsel for the complainant who had been managing this case was not present and considered that the said matter would come up on brief and had briefed the matter and counsel for the complainant is informed that the Court had not received the brief at that time and the entire matter was not presented to the Court.'' This petition was sworn to by one of the counsel for the camplainant.

There is nothing in the record tending to controvert the matters set up in the above quoted paragraph of the petition. The court below had full knowledge as to whether or not the matters mentioned in the petition had been considered by it, and also as to whether or not the motion had been considered and denied without hearing from the complainant's counsel, or reading their brief. We think the granting of the petition for re-hearing was within the discretion of the Court below, and that it very properly granted the petition for re-hearing.

The second assignment of error attacks the order of

the Court in permitting the plea, tendered by the complainant, to be filed.

The objections in the Court below, to the filing of the proposed plea, were addressed principally to the delay of the complainant in seeking to file the same.

This application for leave to withdraw the replication to the answer, seeking affirmative relief, and to file a plea thereto, was nothing more than a motion to amend the pleading or proceeding in a civil action. Under Section 2629, Revised General Statutes, the complainant was authorized to apply for permission to file the plea, and the Court required to grant it upon such terms as the Court, in its discretion, should require.

We have repeatedly held, under this section of the Revised General Statutes, that the courts have a broad discretion in allowing amendments. Smith v. Wescott, 34 Fla. 430, 16 South. Rep. 322; Morgan v. Eaton, 59 Fla. 562, 52 South. Rep. 305; Guggenheimer & Co. v. Davidson, 62 Fla. 490, 56 South. Rep. 801; Warren v. Warren, 73 Fla. 764, 75 South. Rep. 35.

The burden of the appellant's contention in this Court is that the plea failed to set up a defense to the claim for affirmative relief in its answer.

We do not think the Court below was required to determine the legal sufficiency of the plea. upon considering the motion to permit it to be filed. In other words, the Court was not required to determine what its order would be if the plea were set down for argument. Under the objections raised in the Court below to the filing of the plea, a determination of its legal sufficiency as a pleading was not necessary. If the plea tendered were so flagrantly faulty as a pleading as to have had no semblance of a defense, then, we might say that there was an abuse of discretion upon the part of the chancellor in permitting it to be filed, but such is not the case in the plea now

under consideration. While we do not undertake to pass upon the legal sufficiency of the plea tendered in this case, yet we do hold that the Court below did not error in permitting it to be filed.

"The proper method of testing the legal sufficiency of a plea in equity is to set it down for argument." Spaulding, Admr. v. Ellsworth, Graham and Hubbell, 39 Fla. 76, 21 South. Rep. 812; Sec. 3127, Rev. Gen. Stat.; also Pinellas Packing Co. v. Clearwater C. G. Assn., 65 Fla. 340, 61 South. Rep. 625.

Whether or not the learned chancellor considered and passed upon the legal sufficiency of the plea as a pleading, does not appear from the record before us. If the appellant wishes to test the plea, it still has its remedy under Section 3127, Revised General Statutes.

The decree of the Court below, granting the re-hearing on motion to file the plea and permitting the plea to be filed, is affirmed.

Affirmed.

PER CURIAM.—The record in this cause having been considered by this Court, and the foregoing opinion prepared under Chapter 7837, Acts of 1919, adopted by the Court as its opinion, it is considered, ordered and decreed by the Court that the decree of the Court below should be and the same is hereby, affirmed.

ELLIS, C. J., AND WHITFIELD, TERRELL, STRUM, BROWN AND BUFORD, J. J., concur.