J. M. WILLSON, JR. AND MINNIE MOORE WILLSON, His Wife, *Appellants,* v. BENJAMIN C. BUXTON, individually and as Executors of the Estate of J. E. BUXTON, otherwise known as JOHN E. BUXTON, deceased; JOHN EMORY WELLS, individually and as Trustee under the Will of J. E. BUXTON, deceased, and LEONA MAE WELLS, *Appellees.*

Division B.

Opinion filed August 1, 1928.

*G. P. Garrett* and *P. A. Vans Agnew*, for Appellants;

*Giles & Gurney*, for Appellees.

PER CURIAM.—In 1916, J. E. Buxton of Middletown Springs, Vermont, procured a loan for J. M. Willson of Kissimmee, Florida. Willson secured said loan with a mortgage on certain lands owned by him in or near Kissimmee, Florida. The loan was increased from time to time and was secured by mortgages on the same or additional lands. In 1921 said loans aggregated $26,000.00 when Willson executed to Buxton his deed to the lands described in the mortgage previously referred to. About one year after the last named deed Willson executed to Buxton his quitclaim deed covering the lands described in the previous deed. In February 1923, J. E. Buxton died and his son, B. C. Buxton, appellee here, was named as executor of his will.

This suit was brought in the circuit court of Osceola County, Florida, March, 1925, for the purpose of having the two deeds as above referred to decreed to be mortgages, to require an accounting between complainant and defendant, to grant complainant a reasonable time to pay defendant whatever may be found to be due him and to decree the title to the lands covered by the said deeds or mortgages free from the lien thereof. On final hearing the chancellor found the equities to be with the defendant and dismissed the bill of complaint. Appeal was taken from that final decree.

There is little or no variance between appellant and appellee as to the ultimate facts in this case. The sole question presented for our consideration being whether or not the facts as disclosed show that the two deeds brought in question were intended as full settlement of all claims and demands existing between appellant and appellee or

were they executed for the purpose of better securing the said claims and demands. Any doubt as to the purpose of the said deeds should be resolved in favor of the latter theory.

Sec. 3836, Rev. Gen. Stats. of Florida, in effect provides that all deeds of conveyance of other instruments of writing given to secure the payment of money shall be deemed and treated as mortgages. There is nothing on the face of the deeds to show that they were intended to secure the payment of money. On a careful consideration of the record we are not entirely satisfied, however, that the deeds here questioned were not given for that purpose. The original notes and mortgages were never returned to Mr. Willson. It is shown that the elder Buxton never expected anything for the deeds except his principal and interest back which was also true as to the younger Buxton prior to the bringing of this suit. There is evidence which tends strongly to indicate that such was the understanding by both appellant and appellee. We are, therefore, of the opinion that the decree of the chancellor should be reversed.

It is so ordered.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur.

BROWN, J., concurs in the opinion and judgment.

ELLIS, C. J., AND STRUM., J., dissent.