A. A. FISHER, as Administrator Ad Litem of the Estate of HILLIARD WILLIAMS, deceased, R. P. REESE and W. H. KILBEE, *Appellants,* vs. FLORENCE GUIDY and J. M. GUIDY, her husband, *Appellees.*

142 So. 818.

En Banc.

Opinion filed July 7, 1932.

*John Lewis Reese* and *R. P. Reese,* Attorneys for Appellants;

*Ernest E. Mason,* Attorney for Appellees.

DAVIS, Commissioner.—The appellees, whom we will call complainants, filed their bill of complaint in the Circuit Court of Escambia County against Hilliard Williams, R. Pope Reese, W. H. Kilby, Lucy Anderson Williams and her husband Willie Williams. It is shown by the bill that Hilliard Williams, as guardian of the complainants Florence Guidy and Lucy Anderson Williams, gave a bond conditioned as required by law, with R. Pope Reese and W. H. Kilby as sureties; that the guardian received moneys belonging to his wards, for which he made no accounting, and the bill prays for an accounting and that the principal and sureties be required to pay complainants what, if anything, might appear to be due the complainants. During the pendency of the suit, the guardian died and A. A.

Fisher was appointed administrator ad litem of his estate. The bill was demurred to and the demurrers were overruled. Upon the coming in of answers, the cause was referred to a Special Examiner to take testimony, which was later reported to the Court. Objections were filed by the administrator ad litem and the sureties to various portions of the testimony of complainants and the cause came on for a final hearing. The Court decreed the equities to be with the complainants and that they were entitled to the relief prayed for, that the objections to the testimony be severally and separately overruled and that complainants recover of the said administrator and the said sureties the sum of $896.07, the amount found to be due the complainants, and the costs of court, and that execution issue for same. From this decree an appeal was taken and appellants have assigned as error the overruling of the demurrers, the overruling of objections to certified copies of certain records offered by complainant, overruling of objections to certain testimony reported by the Master, and the making and entry of the final decree.

The appellants base their contention that a reversal of the decree should be had because the Court erred in overruling demurrers to the bill, upon the Statute of limitations and laches. Their contention is untenable. So far as we are advised by the bill, the complainant, Florence Guidy, may have become of age or married but a short time before the filing of the bill. Furthermore, this suit is for an accounting by a guardian, who received funds in trust for his ward, Florence Guidy. The bill alleges that there has been no accounting, and that at the time the bill was filed, the guardian was due his ward a large sum of the money received by him as such guardian and unexpended on behalf of the ward. It is not made to appear that the guardian at any time repudiated the trust. Under the circumstances, neither the equitable doctrine of laches nor the

Statute of Limitations can be invoked to deprive the ward of her right to an accounting. It was within the power of the guardian to terminate the trust relations that existed between him and his ward by obtaining a legal discharge as such guardian when the ward became of age or married, as the case might be, or by making a direct settlement with her. So long as the trust relation existed, the Statute of Limitations did not begin to run, nor can the doctrine of laches be applied, for the reason that the possession of trust funds by the guardian is not adverse to the equitable title of the ward, but consistent with it. 17 R. C. L. 796; 26 R. C. L. 1364; Order of St. Benedict vs. Steinhauser, 234 U. S. 640, 58 L. Ed. 1512, 34 S. Ct. 932, Ann. Cas. 1917 A, 463; Spallholz vs. Sheldon, 216 N. Y. 205, 110 N. E. 431, Ann. Cas. 1917 C, 1017 and Note; Barnes vs. Barnes, 282 Ill., 593, 118 N. E. 1004; 4 A. L. R. 4; State ex rel Mc-Clure vs. Northrop, 93 Conn. 558, 106 Atl. 504, 7 A. L. R. 1014; Cavanaugh Brothers Horse Co. vs. Gaston, (Mass.) 152 N. E. 623, 47 A. L. R. 1; Meek vs. Behrens (Wash.) 252 Pac. 91, 50 A. L. R. 207; Hinton vs. Gilbert (Ala.) 128 So. 604, 70 A. L. R. 1192, Swift vs. Smith, 25 C. C. A. 154, 79 Fed. 709.

Mere lapse of time constitutes of itself no bar to the enforcement of an express subsisting trust. Oliver vs. Piatt, 3 How. 333, 11 L. ed. 622, 657; Speidel vs. Henrici, 120 U. S. 377, 30 L. ed. 718, 7 Sup. Ct. Rep. 610; Newman vs. Newman (W. Va.), 55 S. E. 377, 7 L. R. A. (N. S.) 370 and Note; Stevenson vs. Markley (N. J.), 66 Atl. 185.

Appellants have also assigned as error the overruling of objections made by them to the admission in evidence of certain pleadings and orders in a certain record in a cause wherein the Court re-established the bond given by Hilliard Williams as guardian of Mrs. Guidy and her sister. It appears that a motion was made by the complainant for leave to file in evidence the files in said cause, and that the Court in its final decree overruled objections thereto and

permitted the filing of such papers, but the same do not appear in the transcript. However, a certified copy of the final decree in said cause was received in evidence and it is set out in the transcript. It is argued in appellant's brief (1) that the suit in which the Court by decree re-established the bond was not for the reestablishment of a lost paper, (2) that the statute authorizing re-establishment of lost papers was not complied with, and (3) that the said suit was for the purpose of enjoining the prosecution of an action of ejectment brought by the wards of Hilliard Williams, and that in consequence thereof, the Court should not have filed and considered the record in that case. The pleadings in the case are not before us, so we are unable to determine therefrom what relief was sought by the complainants; but it appears from the decree entered therein, that the said guardian and his alleged bondsmen, Reese and Kilby, were parties defendant to the cause, that a decree pro confesso was entered against the defendants, and that the bond as re-established was set out in full in the decree.

In equity, as well as at law, the rulings and judgment of the trial court are presumed to be correct, unless the record shows affirmative error. Southern Home Ins. Co. vs. Putnal, 57 Fla. 199, 49 So. 922; Millinor vs. Thornhill, 63 Fla. 531, 58 So. 34; City of West Palm Beach vs. Ryder, 73 Fla. 558, 74 So. 603; Harp vs. McRae, 100 Fla. 141, 129 So. 499; Foxworth vs. Maddox, 103 Fla. 87, 137 So. 161. Final judgments and decrees, and certified copies thereof are admissible as prima facie evidence in the courts of this state of the entry and validity of such judgments and decrees. See 4390 Compiled General Laws, 1927.

A decree that is shown by the record of the case to be absolutely void because the court did not have jurisdiction of the subject-matter or of the parties, may be collaterally assailed. Goodrich vs. Thompson, 96 Fla. 327, 118 So. 60. The judgment of a court having jurisdiction over both

subject-matter and parties, cannot be collaterally impeached for mere irregularity or error. The scope of the inquiry upon collateral attack is confined to jurisdictional infirmities which would render the judgment void. Fiehe vs. R. E. Householder Co. 98 Fla. 627, 638, 125 So. 2; Fidelity & Deposit Co. vs. Hogan, 102 Fla. 196, 135 So. 825, Malone vs. Meres, 91 Fla. 709, 109 So. 677. The record in the cause not being before us, we cannot say that the Court was without jurisdiction to enter the decree re-establishing the bond, nor can we say what was the primary purpose of the suit in which it was rendered. The provisions of the Constitutions of 1868, as amended in 1875, and of 1885 relating to the jurisdictions of Courts of Equity and County Judge's Courts in matters pertaining to the estates of decedents and minors are, in effect, similar. In Deans vs. Wilcoxon, 25 Fla. 980, 7 So. 163, the Court in considering those provisions of the earlier constitution said:

"It does not seem to us that the grant of original jurisdiction in all cases in equity, made by the constitution as amended in the year 1875, was diminished by any other provision of the amendments. The grant by the same section (section 8, art. 6) of appellate jurisdiction in matters pertaining to the probate jurisdiction, and to the estates and interests of minors in the county courts, does not take anything from the original equity jurisdiction. The express subjection of the jurisdicition of the county court, as defined by the quotation above from section 11 of the same article to the 'direction and supervision of the appellate and equity jurisdiction' of the circuit court, was not a limitation upon the original equity jurisdiction of the circuit court, but a subordination of the powers of the county court to the original equity jurisdiction of the circuit court, in addition to that provided by section 8 of the article in question, in giving the latter court also appellate jurisdiction. In a word, under the constitution as thus amended, the county court was not given jurisdiction exclusive of the circuit court in any matter of administration which a general grant of equity jurisdiction to the circuit court would

have covered in the absence of such grant to the county court.''

The court in that case referred to the change made by Section 11 of Article 5 of the Constitution of 1885 and said further:

"In future proceedings the powers of the circuit and county courts will rest upon the present organic law; and our opinion, upon the authorities mentioned above, and those cited in them, is that the original equity juris-diction of the circuit court, as it existed before, is not impaired by the new constitutional provisions."

Unless changed by Statute, Courts of Equity have inherent jurisdiction to control and protect infants and their property, and have the power to remove their guardians upon proof of misbehavior or unfitness. 12 R. C. L. 1118; 28 C. J. 1105. In the absence of express provision, such jurisdiction is not taken away by provisions of law conferring like power on other courts. 31 C. J. 988. In this state, exclusive jurisdiction in such matters has not been given to the county judge's court. The bond in question was given in accordance with the terms of an order by the judge of the circuit court in and for Washington County, in the exercise of its equity jurisdiction, upon an application of one James Yates, the then guardian of Mrs. Guidy and her sister, to be relieved of his trust and, that another guardian be appointed in his stead. The Chancellor considered the resignation of Yates sufficient cause for displacing him and appointing another in his stead. Williams, after his appointment, functioned as such guardian. The bond given by him was a document that should have been, and doubtless was, left with the Clerk of the said Circuit Court. It appears upon the face of the decree re-establishing the order and bond that the said decree was entered in the Circuit Court of the county where the bond was on file before its loss, and that the certificate of the Clerk shows that such decree was recorded in the Chancery order book of such

county. Inasmuch as the said decree, which was recorded, contained a copy of the bond, it was not necessary to file in the same court another copy of the bond certified by the Clerk of such court. Nothing could be more authentic than the decree itself, and it was on file.

The complainants introduced in evidence over the objections of appellants, copies of certain proceedings in the County Judge's Court of Holmes County for a sale by the said guardian of certain property of his wards, and also a certified copy of a report made by the said guardian to said County Judge's Court on January 12, 1920, showing the receipts and disbursement of moneys that came to him as such guardian, which proceedings and report, as is evident, must have been the basis for the Chancellor's decree. The said proceedings and the said report contained admissions of the guardian which were important to the complainant's case and no error was committed by the Court in receiving them.

Appellants have argued here in their brief that parties in interest were permitted over objections to testify as to transactions and communications had with Williams, a deceased person. There is doubt in the minds of the Court as to whether or not this question is covered by the assignments of error, but we have resolved the doubt in favor of appellants and considered it. We may disregard the testimony of interested parties as to transactions or communications had with Williams and we still find sufficient evidence before the Court to justify the decree rendered by the Court. If the Court committed error in receiving any such testimony, it was harmless error.

The appellants have failed to make it clearly appear that the lower court committed error in entering the decree appealed from, so it is hereby affirmed.

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared

under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered and ordered by the Court that the decree of the Court below be and the same is hereby affirmed.

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL, BROWN AND DAVIS, J.J., concur.