P. B. SPOFFORD, *Appellant*, VS. CITY NATIONAL BUILDING, INC., a Corporation, *Appellee*.

142 So. 898.

143 So. 414.

Division B.

Opinion filed July 12, 1932.

Petition for rehearing denied September 17, 1932.

*L. J. Cushman*, for Appellant;

*Charles R. Pierce*, and *Hayford O. Enwall*, for Appellee.

TERRELL, J.—The steps in the instant case pertinent to a disposition of this appeal are as follows: Spofford, the appellant, filed his bill of complaint in the Circuit Court of Dade County seeking to restrain City National Building, Inc., from trespassing on his right of possession and use of a penthouse located on the roof of the City National Building, a ten-story office building in the city of Miami.

Answer to the bill was duly filed, a motion to amend the bill and strike the set-off or counterclaim contained in the answer were denied and a motion by complainant to dismiss the bill without prejudice was denied. From that decree this appeal was prosecuted.

Three assignments of error present this question: When a bill of complaint seeks to restrain a trespass on right embraced in an alleged verbal contract of employment and an answer is filed denying any such contract and setting up matters of defense in the nature of set-off or counterclaim should the complainant then be allowed to dismiss or amend his bill by striking that part relating to the cause of action and thereby prevent the defendant from obtaining a complete adjudication of the cause or should a motion to strike the set-off or counterclaim be granted under such state of facts.

The matter of granting or denying these motions involved the discretion of the chancellor who answered each of them in the negative and his answer appears fully supported by the following decisions of this Court: Tilghman Cypress Co. vs. John R. Young Co., 60 Fla. 382, 53 So. 939; Mayfield vs. Wernicke Chemical Co., 65 Fla. 113, 61 So. 191; Town of Punta Gorda vs. Charlotte Realty & Inv. Co., 93 Fla. 253, 111 So. 631; Phillips vs. Lindsay, 102 Fla. 935, 136 So. 666.

In view of these decisions no reversible error is shown to have been committed so the decree below must be and is hereby affirmed.

Affirmed.

WHITFIELD, P.J., AND DAVIS, J., concur.

BUFORD, C.J., AND BROWN, J., concur in the opinion and judgment.

ELLIS, J., agrees to the affirmance.

---

ON PETITION FOR REHEARING.

PER CURIAM.—The affirmance of the order of the Circuit Court refusing to permit complainant to dismiss his bill, without prejudice, and refusing to strike the defendant's answer and counterclaim, both of which are interlocutory in character, leaves the equity cause in the court below for such further appropriate equitable proceedings as may be according to law and equity practice. It must be presumed that upon the further consideration of the equitable aspects of the controversy between the parties, the court will not make any order or decree which will be violative of any right appellant may have to present to a court and jury for adjudication any purely legal claim not triable in the equitable controversy which is remanded for further proceedings, and until the court below shall violate some right of appellant in that respect, and the matter is properly brought before us for redress, we can make no appellate order which will decide the matter appellant attempts to present by his petition for a rehearing. Therefore the petition for rehearing should be and is hereby denied.

Rehearing denied.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.