EFFYE DUKE, *Appellant,* v. C. E. DUKE, *Appellee.*

147 So. 588.
Division B.
Opinion filed April 5, 1933.

*Harry Katz,* for Appellant;
*Newcomb Barrs,* for Appellee.

BROWN, J.—Appellant filed bill for divorce against appellee on the ground of cruelty, in which she also prayed for the custody of the child of the marriage, a six-year-old daughter. The defendant appeared and answered the bill, denying the allegations of cruelty, and alleging that the best interests of the child demanded that he be allowed her custody. The complainant, appellant here, then asked for alimony *pendente lite,* attorney's fees and suit money. A special master was appointed, testimony taken, and a report

rendered in the complainant's favor. The defendant interposed exceptions to the master's report, which exceptions were sustained by the Chancellor. One of the grounds of exceptions was that the bill was not well founded and that the wife had absented herself from her husband's home without cause. The complainant then moved to dismiss the cause without prejudice, which motion the court granted, The following day the court vacated this order stating that it had been rendered *ex parte,* without notice to the defendant. The complainant then renewed her motion to dismiss, with notice. The defendant by leave of the court amended his answer, so as to specifically allege that the complainant was not a fit person to have custody of the child, that the defendant was, and praying that the court grant him such custody. The Chancellor made an order denying the complainant's renewed motion to dismiss, and the complainant appealed, assigning as error all of the rulings adverse to her, above alluded to.

It does not clearly appear that any of such rulings was erroneous. The point mainly stressed in the brief in behalf of appellant is that the court erred in vacating its order of dismissal, and in denying the complainant's renewed motion to dismiss the cause, to the granting of which the defendant objected. The argument is to the effect that the complainant had the right to dismiss, and that no element of equity jurisdiction remained to sustain the action of the court in retaining jurisdiction. We cannot assent to this contention.

The question of what action the court should take regarding the question of the custody of the child had been presented, and the Chancellor had the right to retain jurisdiction for the purpose of adjudicating this question, if none other.

We think a reasonable construction of Section 4993 C. G. L. sustains our views in this regard. But they are further sustained by the general powers and jurisdiction inherent in courts of equity to control and protect infants and their property. Fisher v. Guidy, 142 So. 818. It has been held that, in the absence of express provision, such jurisdiction is not taken away by statutes conferring like power on other courts. 31 C. J. 988. Indeed, it is not conceded that under our Constitution, vesting as it does the circuit courts with equity jurisdiction, this power could, under our Constitution as it stands, be taken away by statute. In the opinion of Commissioner Davis in Fisher v. Guidy, *supra,* he cites 12 R. C. L., 1113, where it is said: "One of the most distinctive duties of the court of chancery in England was the protection of the interests of infants. It was said by Blackstone that chancery "is the supreme guardian, and has the superintendent jurisdiction of all the infants in the kingdom." See also Pomeroy's Eq. Juris., 4th ed., Sec. 1304, 1307. This jurisdiction exists, even where no property rights are involved. Ex parte Badger, 226 S. W. 936, 14 A. L. R. 286, 290. And in Ex Parte State ex rel. Tisser, (Ala.) 106 So. 866, it is held that statutory provisions pertaining to divorces do not impair the original jurisdiction of chancery courts over infants.

Finding no reversible error in the record, the orders appealed from will be affirmed.

Affirmed.

DAVIS, C. J., and WHITFIELD, TERRELL and BUFORD, J. J., concur.