J. M. WILLSON, JR., and MINNIE MOORE WILLSON, his wife, *Appellants*, v. BENJAMIN C. BUXTON, individually and as Executor of the Estate of J. E. Buxton, otherwise known as John E. Buxton, deceased, et al., *Appellees*.

149 So. 329.
Opinion filed May 23, 1933.
Re-hearing denied July 13, 1933.

*George P. Garrett,* for Appellants;

*Giles & Gurney,* for Appellees.

BUFORD, J.—This is the second appearance of this case in this Court. See Willson v. Buxton, 96 Fla. 371, 118 So. 475. In that case this Court held that certain conveyances made by Willson to Buxton were in law mortgages and were not absolute conveyances as was therein contended by Buxton.

In this opinion we shall refer to the complainants in the court below as Willson and to the defendants in the court below as Buxton.

The original bill of complaint filed by Willson was one seeking redemption from the lien of the alleged mortgages.

After the case went back to the Circuit Court Willson filed a supplemental bill in which it was alleged that the defendants had caused the complainants to lose the sale of two tracts of land embraced in the conveyances by refusing to allow the complainants to make sale of the said lands to bona fide purchasers when they were offered $40,000 for one tract and $50,000 for another tract and when the total amount of the debt to defendants by the complainants was less than $30,000.

Demurrer was filed to the supplemental bill, as was also motion to strike. Motion to strike was denied. The demurrer was sustained.

Thereupon, Buxton filed amended answer in which he prayed for affirmative relief by way of foreclosure of the conveyances which had been held by this Court to be mortgages. After this answer praying for affirmative relief was filed, Willson moved to dismiss and that motion was denied.

There are but two questions necessary for us to discuss at this time. The first is whether or not Willson was damaged by reason of Buxton's failure and refusal to allow Willson to make the sale of a portion of the property for a sum much larger than the amount of the debt then owed by Willson to Buxton. The appellants here contend that the damage was for breach of contract, while the appellees contend that the damage claimed is *ex delicto;* that if Willson has any claim for damages against Buxton because of his conduct in preventing a sale by Willson, which would have liquidated the debt and left him a profit, that such damage is for *tort* and not for breach of contract.

We think that the position of the appellees is correct, which conclusion is based upon the law as enunciated in the case of Matthews v. Lindsey, 20 Fla. 962, and cases there cited. See also Robertson v. L'Engle, 13 Fla. 482, wherein this Court said

"A set-off is in the nature of a cross action and may be pleaded in all cases in which, if a suit were brought upon the subject matter of the set-off, the demand of the other party may be set off against it. This has never been allowed where the claim on the one side is *assumpsit* or debt, and on the other a trespass, or other action sounding in damages. The term 'demand' as used refers to matters growing out of contract, express or implied. The utmost confusion would be introduced if matters of trespass, assault, slander and the like were construed to be 'demands' within the meaning of the law to be set off against a debt; or, if in action for slander or false imprisonment, a set-

off of money due upon a promissory note or bond could be allowed. The next section shows what class of demands are intended. 'In all actions to which the defendant may intend to plead a set-off, he shall at the time of filing the plea file therewith a true *copy or copies of the subject matter* of such set-off and in case the jury shall find a balance for the defendant,' etc. It is clear that the law refers to such demands as are usually the subjects of set-off, to-wit: arising out of contract. A *balance* clearly implies this."

Aside from this, the supplemental bill of complaint fails to show that Willson ever made or kept good any tender to Buxton of the amount necessary to redeem the lands from the lien of the mortgage. The most that is shown by the bill of complaint is that he offered to pay Buxton provided Buxton would first re-convey the lands to him, or to his nominee and vendee. And so it is, that the demurrer to the supplemental bill was properly sustained.

The other question presented is whether or not error was committed in denying the motion to dismiss after the defendant had filed an answer in which he plead for affirmative relief. It is not questioned that the answer praying affirmative relief was sufficient in form and substance. This being true, a substantial right had accrued to the defendant to have his relief in the pending suit.

In Tilghman Cypress Co. v. John R. Young Co., 60 Fla. 382, 53 Sou. 939, this Court said:

"While the court may upon motion of the complainant dismiss an equity cause without prejudice at any time when the dismissal would not materially prejudice the rights of the defendant, yet if the defendant has entitled himself to affirmative relief or to a hearing and disposition of the case on the merits, or has acquired some substantial right in the cause, or will be seriously prejudiced by a dismissal, or where unnecessary and prolonged litigation is apparent,

or an agreement will be violated, or where it is inequitable, the cause will not be dismissed without prejudice; but the mere burden, expense and annoyance to the defendant of another suit in the same controversy is not generally regarded as a sufficient ground for denying complainant's application to dismiss without prejudice."

See also Mayfield v. Weinicke Chemical Co., 65 Fla. 113, 61 Sou. 191.

The decree appealed from should be affirmed and it is so ordered.

Affirmed.

DAVIS, C. J., and WHITFIELD, ELLIS and TERRELL, J. J., concur.

BROWN, J., dissents.