**MILDRED STEWART, v. SAM STEWART**

24 So. (2nd) 529

January 22, 1946

January Term, 1946

Special Division A

*Alvan B. Rowe,* for appellant.

*George O. Lea,* for appellee.

SEBRING, J.:

Mildred Stewart instituted a suit for divorce against her husband, Sam Stewart, on the grounds of habitual intemperance, extreme cruelty by defendant to plaintiff, habitual indulgence by defendant in violent and ungovernable temper, and desertion. In the bill of complaint she prayed that a

decree be entered granting her the custody and control of the two year old girl child of the parties. The defendant answered, putting the plaintiff to proof of the allegations of her bill and denying her fitness to have the child, and testimony was taken before the court on the issues. At final hearing the court entered its decree dismissing the bill of complaint for failure of the plaintiff to prove grounds for divorce. With respect to the minor child of the parties the court decreed that the child be awarded to the father for the months of January, February, May, June, September and October of each year, and to the mother for the remaining months of the year, with the right of visitation to the parent out of custody of the child at reasonable places and times. The plaintiff has appealed from the decree of the court and has assigned as error the refusal of the court to grant the decree of divorce, and the refusal tof the court to give the plaintiff exclusive care, custody, and control of the child.

The testimony offered on the issue of divorce is in sharp conflict. There is ample evidence to sustain the court's finding that the bill of complaint should be dismissed for want of proof. The court's decree on the issue of divorce, therefore, will not be disturbed but will be affirmed.

The question of the custody of the girl baby presents another matter. It is the law that in a proceeding involving the custody of a minor child, the welfare of the child is the controlling consideration. Ordinarily, in the case of a child of young and tender years its welfare is not best promoted by ordering a divided custody of such child between the parents, or by taking the child from the mother unless it be shown that she is not a fit and proper person to rear it during its tender years. See Phillips v. Phillips, 153 Fla. 133, 13 So. (2nd) 922; Fields v. Fields, 143 Fla. 886, 197 So. 530; Jones v. Jones (Fla.) 23 So. (2nd) 623. The decree of the court awards the custody of the girl baby alternately to the father and mother for two-month periods. Doubtless the able chancellor felt that some good reason existed for awarding custody in such fashion; but unfortunately if such reason existed it is not reflected in the record. Neither party is found by the court to be an unfit person to have custody and control

of the child, but we cannot escape the conclusion that "no child can pursue a normal life when subjected to the precepts, example or control of first one person and then another, regardless of how well intentioned those persons may be." See Phillips v. Phillips, supra. It is our view, therefore, that this provision of the decree must be reversed with leave to the court to make a further order of award relative to the custody of the child; and that if the mother be not an unfit person to have its custody and control under all the circumstances that the award be made to her until change of circumstances make it meet and proper that some other or different order be made. The right of the court to make an order awarding custody even though the bill for divorce has been denied for want of proof is sustained, we think, by Duke v. Duke, 109 Fla. 325, 147 So. 588; the question of what action the court should take regarding the custody of the child having been squarely presented by the pleadings in the cause. Such award as is made in accordance with the conclusions herein reached should afford to the parent out of custody and control the privilege of reasonable visitation.

The decree appealed from is affirmed in part and reversed in part.

It is so ordered.

CHAPMAN, C. J., TERRELL and BUFORD, JJ., concur.