THOMAS, Justice.
In her bill the appellee sought a decree of divorce from the appellant ánd, as ancillary relief, prayed for custody of their child, possession of the property owned by the parties in an estate by the entirety, an allotment of alimony, and an award for the child’s support. The issue was joined by appellant’s answer which contained no request for relief.
The testimony was heard by a master who was not directed to make findings or offer recommendations. Upon consideration of the report the chancellor denied' the divorce and there is now no challenge of the decree in that respect. The contest here revolves around the provisions that were embodied in the decree notwithstanding appellee’s failure to establish any ground for dissolution of the union.
The chancellor put the child in the custody of the appellee, ordered the appellant to pay appellee periodically stipulated amounts for support of the child and decreed that appellee should have “full possession and control of the home,” the property constituting the estate by the entirety.
Such a provision, relating to the property, was not, in our opinion, warranted once the chancellor ruled that the marriage relationship should continue, the defendant-husband having been held blameless, In a recent opinion, Zook v. Zook, Fla., 63 So.2d 642, we decided that there was no reason to explore and establish respective property rights of spouses where one of them had been unsuccessful in a quest for divorce. The reasons for this view were recorded in Clawson v. Clawson, Fla., 54 So.2d 161.
In the present case the chancellor undertook to deprive the husband of any use of the' jointly owned property, the home, and to vest all possession and enjoyment in the wife, who, by virtue of the order fixing custody, would share it with the child. From a legal standpoint this adjudication seems unfounded because inconsistent with the true nature of such an estate.
*729 -In tenancy by the entirety all the unities of joint tenancy, including unity of possession, are present and, in addition, there is the unity of person “springing from the relationship of husband and wife, * * * ” Andrews v. Andrews, 155 Fla. 654, 21 So.2d 205, 206, who under the common law conception are one person. In the event of divorce the rights of the parties are crystallized, and all unities save one, the unity of possession, are either dissolved or rendered insignificant. Clawson v. Clawson, supra. To us the .conclusion is inescapable that alteration of an estate by the entirety, or of any of its unities, cannot be effected by a decree denying the divorce.
The appellant and appellee, not having been divorced, are still considered the one person that makes the estate by the entirety possible so there is no good reason to recognize such oneness for the purpose of maintaining the estate on one hand, and to adjudicate separate interests or unities on the other.
From a practical standpoint the problem may well be solved quite differently from the chancellor’s decision. The wife cannot pre-empt the home even with judicial sanction. She and her mate are equally entitled to it, neither more than the other, and it constitutes the shelter for their offspring. The husband being there should be left there without interference, and the wife should be allowed to return there, also without interference. In the home the child should be placed where the husband may bestow the care the offspring deserves and requires, and the wife may do likewise when she desires to return.
In this way the home will remain intact, the welfare of the child will be guarded and the rights of the parties may be protected. 'Such an arrangement will obviate periodic payments of support money, and ■orders regulating custody of the child, always awkward, if not always unsatisfactory. ,
Having these views we find it unnecessary to re-examine or determine the appropriateness of the rulings in Duke v. Duke, 109 Fla. 325, 147 So. 588, and Stewart v. Stewart, 156 Fla. 815, 24 So.2d 529, or the applicability of section 65.14 Florida Statutes 1951, and F. S. A.
The decree is reversed with directions to enter one conforming" to this opinion.
Reversed.
ROBERTS, C. J., and TERRELL, HOBSON and MATHEWS, JJ., concur.
SEBRlNG and DREW, JJ., agree to conclusion. '