153 So.2d 10 (1963)
Herbert A. BARGEON, Jr., Appellant,
v.
Emily B. BARGEON, Appellee.
No. 3613.
District Court of Appeal of Florida. Second District.
April 24, 1963.
Rehearing Denied May 24, 1963.
D. Arthur Yergey, of Yergey & Yergey, Orlando, for appellant.
Irvin A. Meyers, of Maguire, Voorhis & Wells, Orlando, for appellee.
SANDLER, HARRY N., Associate Judge.
This is an appeal by Herbert A. Bargeon, Jr., appellant here, defendant and counterclaimant in the trial court, from a final decree entered by the Chancellor granting the defendant an absolute divorce on his counterclaim on the grounds of adultery and other misconduct of the appellee here, plaintiff and counter-defendant in the trial court, but awarding to her the custody of the minor child of the parties, approximately two years of age. No alimony or support money was allowed.
The proceedings were originally instituted by the appellee filing her suit for separate maintenance, child custody, alimony, and support for the minor child. The appellant answered and counter-claimed for divorce on the ground of adultery and other misconduct of the plaintiff wife. The Chancellor before whom the testimony was taken made elaborate and informative findings of fact wherein he found both parents fit and proper persons to have the care and custody of the minor child, awarded the custody of the child to the mother "subject however to reasonable visitation rights and privileges which are hereby given to the Defendant HERBERT A. BARGEON, JR., to see and visit said child at reasonable times and upon reasonable notice; provided further that the Defendant, HERBERT A. BARGEON, JR., is given the right to have the said BRETT ELIZABETH BARGEON visit with him in the home of his parents in Orlando, Florida for one (1) month during each summer beginning with the summer of 1963; and provided further that the Defendant, HERBERT A. BARGEON, JR., shall be responsible for the transportation costs of said child and a suitable person to accompany her between the homes of the Plaintiff's and Defendant's parents on each *11 such visit", and reserved jurisdiction of the cause for the purpose of making such other and further orders and decrees respective to the custody, care and support of the minor child. There being no evidence as to the financial needs of the plaintiff mother nor the financial needs of the child if living with her, no allowance therefore was made. The defendant father has appealed from so much of the order as awards the custody of the child to the mother and the plaintiff mother has cross assigned as error so much of the decree as awards the husband divorce on the grounds of adultery, adultery not being denied but it being the contention of the wife that her misconduct had been condoned by her husband. The Court found, however, that the plaintiff wife had failed to prove her defense or condonation of the charges of adultery as contained in the counterclaim.
It is quite evident that the real bone of contention in this instance is the custody of the minor child. In determining the question of the custody of child of divorced parents the welfare of the child is, of course, of paramount consideration. Hurst v. Hurst, 158 Fla. 43, 27 So.2d 749; Bennett v. Bennett, Fla., 73 So.2d 274. Counsel for the defendant husband stress the conduct of the mother of the child prior to this divorce proceeding, which, it is true, is anything but exemplary or commendable. However, we are concerned with the present fitness of the parties for the custody of the child and the Chancellor having found both parties presently fit, having reserved jurisdiction over the custody of the child, because of the tender age of the child in question, approximately two years, the law favors the mother. Stewart v. Stewart, 156 Fla. 815, 24 So.2d 529; Teel v. Sapp, Fla., 53 So.2d 635. In Slimer v. Slimer, Fla.App., 112 So.2d 581, the Court said:
"Where husband is granted a divorce, but wife is found to be a fit and proper person to rear children of tender years, she should be awarded custody of the children."
This case was heard before the Chancellor who heard and considered all the evidence and observed the demeanor of the parties who were examined at length, and the Court found as a matter of fact that the plaintiff mother at the present time is morally fit to have the custody of the minor child subject to the visitation rights as provided in the final decree. The rule is too well settled to require citation of authorities, that where the evidence is heard before the Chancellor and the witnesses are before him, his findings should not be disturbed if there is substantial testimony in the record to sustain his decree. No error being made to appear, the decree appealed from is affirmed.
Affirmed.
SHANNON, C.J., and SMITH, J., concur.