194 So.2d 278 (1967)
Marion M. COOPER, Appellant,
v.
Rosie E. COOPER, Appellee.
No. 7463.
District Court of Appeal of Florida. Second District.
January 27, 1967.
Parks, Emerson, Treadwell & Elkins, Naples, for appellant.
Adams & McDonald, Naples, for appellee.
*279 PIERCE, Judge.
This is an interlocutory appeal under Rule 4.2 of the Florida Appellate Rules, 31 F.S.A. by the plaintiff below from an order allowing temporary relief to defendant wife in a divorce case filed by her husband.
On October 10, 1966, plaintiff husband filed suit for divorce in the Collier County Circuit Court against defendant wife on the grounds of extreme cruelty and habitual indulgence in violent and ungovernable temper. He also prayed for custody of the three minor children of the parties, aged respectively 1 year, 2 years and 3 years. On October 17, 1966, the defendant wife filed her "Motion for Temporary Orders", in which she asked for custody of the minor children (who were already with her), for alimony and support money for herself and children, and for a temporary restraining order enjoining plaintiff husband from threatening or molesting the defendant; all "pending a hearing on the merits of said cause".
On November 3, 1966, defendant wife filed and served upon plaintiff's attorneys notice of hearing of said motion for temporary relief before the Circuit Judge on November 16, 1966. Two days before the hearing date, on to-wit, November 14, 1966, plaintiff's husband filed and served upon the wife's attorneys, a "notice that pursuant to Fla.R.Civ.P. 1.35 [30 F.S.A.] the Plaintiff does hereby voluntarily dismiss the above styled suit before service of answer or motion for summary judgment or decree by any adverse party."
The Circuit Judge proceeded with the hearing upon defendant's motion as scheduled, and entered order dated November 16, 1966, filed on November 17, 1966, whereby the Court found that plaintiff husband "is before the Court and subject to the orders" thereof; and that the Court had specific jurisdiction in the cause and also "inherent jurisdiction concerning the welfare of the children". The order thereupon gave to the wife temporary custody of said children and ordered plaintiff husband to pay a specified sum per week for the support and maintenance of the wife and the three minor children and also to pay all medical bills incurred by the wife and children, including hospital and doctor's bills in connection with the impending confinement of defendant wife, who was then pregnant with her fourth child.
It is from this order that plaintiff husband has appealed to this Court interlocutorily and contends that by Rule 1.35(a) (1), Florida Rules of Civil Procedure, as amended, effective January 1, 1966, he had a vested right to automatically dismiss the entire case upon his filing of a "Notice of Dismissal" and service of copy thereof upon his wife's counsel.
We do not agree with this contention, insofar as pertains to the right and jurisdiction of the trial Court to make orders touching upon the custody of the three minor children and for support and maintenance of the wife and children and other incidental relief appertaining thereto.
Rule 1.35(a) (1) provides inter alia:
"RULE 1.35. DISMISSAL OF ACTIONS
(a) Voluntary Dismissal; Effect thereof.
(1) By Parties. Except in actions wherein property has been seized or is in the custody of the court, an action may be dismissed by plaintiff without order of court (i) by serving a notice of dismissal at any time before a hearing on motion for summary judgment, or if none is served, or if such motion is denied, before retirement of the jury in a case tried before a jury or before submission of a nonjury case to the court for decision, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action."
It will be noted that Rule 1.35(a) (1) applies to voluntary dismissals. On July 7, 1965, the Supreme Court handed down the *280 opinion in Crews v. Dobson, Fla. 1965, 177 So.2d 202, which held that Rule 1.35 as it then existed did not permit non-suits or voluntary dismissals by a plaintiff after answer or motion for summary judgment or decree had been served by the adverse party, and to such extent superseded the statute, F.S. § 54.09, F.S.A., which permitted non-suits by plaintiffs at any time "before the jury retire[d] from the bar". The effect of Crews v. Dobson however, was softened by the amendment effective January 1, 1966, to Rule 1.35(a) (1) which permits voluntary dismissal by plaintiff "at any time before a hearing on motion for summary judgment, or if none is served, or if such motion is denied, before retirement of the jury in a case tried before a jury or before submission of a nonjury case to the Court for decision, or by filing a stipulation of dismissal signed by all parties who have appeared in the action". (Emphasis supplied).
So if the only questions before the Court were what the plaintiff had put in issue by his complaint and the only relief prayed for by any of the parties was what plaintiff had prayed for in his complaint, the notice of dismissal as filed and served by plaintiff here would have the effect under present Rule 1.35(a) (1) of ipso facto working a dismissal of the entire action. However, defendant wife, four weeks before plaintiff's notice of dismissal was filed and served, had filed and served a motion for temporary orders in the case, seeking affirmative relief of custody of the minor children, alimony and support money for herself and children, and a temporary restraining order against plaintiff. And on November 3, 1966, eleven days before plaintiff's dismissal notice was filed and served, defendant had set her motions down before the Circuit Judge for hearing on November 16, 1966, and had accordingly advised plaintiff's counsel. Thus, at the time notice of dismissal was filed and served, defendant was actively seeking affirmative relief growing out of the same subject matter as plaintiff's complaint.
Such situation is contemplated by Rule 1.35(a) (2), which reads inter alia as follows:
"(2) By Order of Court; if Counterclaim. Except as provided in Subdivision (a) (1) of this rule, an action shall not be dismissed at a party's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been served, by a defendant prior to the service upon him of the plaintiff's notice of dismissal, the action shall not be dismissed against defendant's objections unless the counterclaim can remain pending for independent adjudication by the court." (Emphasis supplied.)
The last quoted rule is substantially as it was when originally incorporated in the Rules of Civil Procedure adopted on March 15, 1954. Long before that, the same principle had been laid down in the case law of Florida, where plaintiff was denied the right to voluntarily dismiss an action when the defendant had filed counterclaim or in any manner was "praying affirmative relief" or had "acquired * * a substantial right in the cause." Abney v. Hurner, 1929, 97 Fla. 240, 121 So. 883; Spofford v. City Nat. Bldg., 1932, 106 Fla. 160, 142 So. 898, 143 So. 414; Willson v. Buxton, 1933, 110 Fla. 286, 149 So. 329. The word "counterclaim" used in Rule 1.35(a) (2) and also the language used in the cited cases is broad enough to cover the motion for affirmative relief filed by the defendant wife here.
The principle has been especially applied to divorce cases where the defendant seeks custody of the minor children. In Duke v. Duke, 1933, 109 Fla. 325, 147 So. 588, the facts were parallel to the facts here, only the parties were reversed. Plaintiff was the wife who had filed suit for divorce and the husband was defendant. Both parties sought custody of the child involved, but when the case got to a certain point plaintiff wife vigorously moved for dismissal of the suit. Defendant husband *281 objected, contending that the Court should retain jurisdiction, at least to the point of determining custody. The trial Court refused to dismiss the suit and the wife appealed. The Supreme Court, in affirming the Circuit Judge, held as follows (text 147 So. 589):
"The argument is to the effect that the complainant (wife) had the right to dismiss, and that no element of equity jurisdiction remained to sustain the action of the court in retaining jurisdiction. We cannot assent to this contention.
The question of what action the court should take regarding the question of the custody of the child had been presented, and the chancellor had the right to retain jurisdiction for the purpose of adjudicating this question, if none other.
We think a reasonable construction of section 4993, Comp.Gen.Laws, sustains our views in this regard. But they are further sustained by the general powers and jurisdiction inherent in courts of equity to control and protect infants and their property. Fisher v. Guidy [106 Fla. 94] 142 So. 818. It has been held that, in the absence of express provision, such jurisdiction is not taken away by statutes conferring like power on other courts. 31 C.J. 988. Indeed, it is not conceded that under our Constitution, vesting as it does the circuit courts with equity jurisdiction, this power could, under our Constitution as it stands, be taken away by statute. In the opinion of Commissioner Davis in Fisher v. Guidy, supra, he cites 12 R.C.L. 1113, where it is said: `One of the most distinctive duties of the court of chancery in England was the protection of the interests of infants.' It was said by Blackstone that chancery `is the supreme guardian, and has the superintendent jurisdiction of all the infants in the kingdom.' See, also, Pomeroy's Eq.Juris. (4th Ed.) §§ 1304, 1307. This jurisdiction exists, even where no property rights are involved. In re Badger, 286 Mo. 139, 226 S.W. 936, 14 A.L.R. 286, 290. And in Ex parte State ex rel. Tissier, 214 Ala. 219, 106 So. 866, it is held that statutory provisions pertaining to divorces do not impair the original jurisdiction of chancery courts over infants." (Emphasis supplied.)
Numerous cases in Florida support the rule laid down in Duke. See Bohn v. Rhoades, Fla. 1960, 121 So.2d 777; Schraner v. Schraner, Fla.App. 1959, 110 So.2d 33; Cone v. Cone, Fla. 1953, 62 So.2d 907, and Stewart v. Stewart, 1946, 156 Fla. 815, 24 So.2d 529. These cases involve exercise of the inherent power of a chancery Court to control, protect, and provide for infants.
But the Courts are also given express statutory authority. F.S. Section 65.14, F.S.A. provides as follows:
"65.14 Custody of children, etc., power of court in making orders
In any suit for divorce or alimony, the court shall have power at any stage of the cause to make such orders touching the care, custody and maintenance of the children of the marriage, and what, if any, security to be given for the same, as from the circumstances of the parties and the nature of the case may be fit, equitable and just, and such order touching their custody as their best spiritual as well as other interests may require."
Reverting to the case sub judice, the Chancellor therefore had ample authority to enter the temporary order to which this interlocutory appeal is directed, under Rule 1.35(a) (2), under the inherent power of the Court, and also under F.S. Section 65.14, F.S.A.
Affirmed.
SHANNON, Acting C.J., and LILES, J., concur.