PER CURIAM.
Plaintiff has appealed a final decree granting to her defendant husband a divorce on the ground of cruelty alleged in his counterclaim. Her assault is confined exclusively to the contention that the evidence is insufficient to support the findings and conclusions of the chancellor upon which the decree is premised.
At the time of final hearing plaintiff abandoned her complaint seeking a divorce and advised her attorney that she would not appear at the final hearing, nor would she offer any evidence in support of her answer to the counterclaim filed by defendant. The only testimony and evidence before the court was that adduced by defendant in support of the cause of action alleged in his counterclaim.
From a review of the record it affirmatively appears that while defendant was a member of the armed forces of this country and stationed on a United States Navy ship, plaintiff instituted this action for divorce against him. Shortly thereafter he returned home on leave but plaintiff, then residing with her parents, not only refused to see him but refused to permit him to see and visit their child who was born during his absence. He remained home on leave for a period of some twenty days and through telephone conversations attempted on many occasions to see his wife and child, but in each instance was rebuffed. There was testimony as to the effect such actions on the part of plaintiff had on the physical and mental well-being of defendant. Upon this evidence the chancellor concluded that the allegations of cruelty by plaintiff to defendant had been sufficiently established, and upon such conclusion granted the decree of divorce.
In reviewing a judgment rendered in a nonjury case it is not the function of an appellate court to substitute its judgment for that of the trial judge.[1] If the findings of the court are supported by substantial and competent evidence, the conclusions based thereon will not be set aside unless appellant clearly demonstrates that substantial error was committed or that the conclu *294 sions are erroneous under the evidence.[2] Where the evidence is heard by the trial judge and the witnesses are before him, his findings are accorded great weight and should not be disturbed except upon a clear showing of abuse of discretion.[3]
Appellant having failed to clearly demonstrate error, the decree appealed is affirmed.
WIGGINTON, C. J., and JOHNSON and SPECTOR, JJ., concur.

. Cherney v. Cherney (Fla.App.1962), 146 So.2d 914.

. Hieber v. Hieber (Fla.App.1963), 151 So.2d 646.

. Bargeon v. Bargeon (Fla.App.1963), 153 So.2d 10.