**WILLIAMS v. WILLIAMS.**

No. 74-3024-CA(D)-03.

Circuit Court, Palm Beach County.

December 3, 1974.

</div>

Robert E. Hathaway, West Palm Beach, for the petitioner.

Max P. Engel, Miami, for the respondent.

LEWIS KAPNER, Circuit Judge.

Petitioner-husband filed a petition for dissolution of marriage on August 6, 1974. The respondent-wife filed an answer on August 19, 1974 denying that the marriage was irretrievably broken and seeking the following relief —

(1) A continuation of the case to encourage rehabilitation;

(2) An order requiring the parties to seek professional help of a marriage counselor;

(3) Certain relief in the event the marriage is declared irretrievably broken.

On September 10, 1974 the wife set the husband down for deposition but, on October 8, 1974, three days prior to the deposition, the husband filed a notice of voluntary dismissal. Subsequently, on November 12, 1974, the wife filed a petition for temporary relief, a motion for contempt for failure to attend the deposition, and a motion to set aside the dismissal. It is the latter motion which must be determined first.

Ordinarily a petitioner has an absolute right to dismiss his petition. Rule 1.420(a)(1) FRCP. An exception to this rule is where the respondent has filed a counterclaim, in which case the petition may be dismissed only upon order of the court. Rule 1.420(b). This rule has been interpreted to include situations where the respondent "in any manner was praying affirmative relief or had acquired a substantial right in the cause." Cooper v. Cooper, (2nd DCA) 194 So.2d 278.

Respondent herein cites the case of Cooper v. Cooper, supra, and claims that her answer amounts to a counterclaim within the meaning of Rule 1.420(b) FRCP and the said case. This contention is without merit.

The only affirmative *temporary* relief sought by respondent is a continuation of 90 days and court ordered professional counseling; and this relief was never called up for hearing. This failure to set these matters down for hearing does not amount to an abandonment of these prayers, but it does mitigate respondent's argument that they amount to a "substantial right in the cause." Indeed, respondent has claimed at this hearing that it appears that the marriage is in fact irretrievably broken, her "substantial rights in the cause" at this stage amounting to temporary support and other temporary relief.

As stated in Cooper —

"So if the only questions before the court were what the plaintiff had put in issue by his complaint and the only relief prayed for by any of the parties was what plaintiff had prayed for in his complaint, the notice of dismissal as filed and served by plaintiff here would have the effect under present Rule 1.35(a)(1) of *ipso facto* working a dismissal of the entire action."

This is the situation in the instant case. It should also be noted that in Cooper v. Cooper, the wife actually sought affirmative relief of a substantial nature, viz, temporary custody of the children, temporary support, and a temporary restraining order, and that these matters were set for hearing *prior* to plaintiff's voluntary dismissal. The situation in this case is quite different.

The wife's prayers for temporary relief in this case were filed thirty days subsequent to the husband's notice of dismissal. Permitting the husband to voluntarily dismiss his petition under such circumstances gives him no "unfair advantage;" on the other hand, to permit the wife, based upon a general answer, to overturn his dismissal of his petition thirty days after said dismissal would allow *her* an unfair advantage. She is not without remedy, the most obvious one being to file an independent action for dissolution.

It is thereupon ordered that the motion to set aside dismissal is denied. Because of the disposition on this ruling, disposition of the other matters is unnecessary.