*1251 ON PETITION FOR REHEARING
RYDER, Judge.
In an opinion filed October 26, 1977, this court vacated the order appealed from and remanded the cause to the trial court with directions to dismiss the action.
However, upon petition for rehearing filed by appellee, the court has reviewed the entire record and file herein and recedes from said opinion and substitutes the present opinion therefor.
On March 8, 1976, appellant, George McFarley, Jr., filed a petition for dissolution of marriage in the Circuit Court. His wife, the appellee in the case, filed an answer to the petition on April 26, 1976, asking that the petition be denied and requesting support for herself and her children. Additionally, and approximately one month later, she filed a motion for temporary support and the court then entered an order for temporary relief.
On June 13, 1977, Mr. McFarley filed a voluntary dismissal to his petition for dissolution. Several days later, the trial court entered an order on all pending motions which increased the amount of temporary support and granted Mrs. McFarley leave to file a counterpetition. This appeal ensued.
Mr. McFarley argues that the trial court erred in granting his wife’s motions on June 22 when, on June 13, he had filed a notice of dismissal pursuant to Fla.R.Civ.P. 1.420(a)(1). The wife contends that her answer to the husband’s petition for dissolution and her motion for support were counterclaims which prevent voluntary dismissal under Fla.R.Civ.P. 1.420(a)(1). She cites Fla.R.Civ.P. 1.420(a)(2), and Cooper v. Cooper, 194 So.2d 278 (Fla.2d DCA 1976) in which this court held that a motion for custody of the children of the marriage, for permanent alimony, and for permanent child support was a counterclaim for the purposes of Rule 1.420(a)(2).
In .the opinion of the court filed October 26, 1977, we erroneously found Cooper, supra, inapplicable to the case because we had considered the wife’s petition for custody of the children and alimony to be that of temporary alone. Upon consideration of the wife’s petition for rehearing and a more detailed study of the actual documents filed by wife, we have found that her answer to the petition for dissolution of marriage, although not artfully drawn, did in fact, in paragraph eight of the answer and in paragraph two of the prayer, ask for both temporary and permanent support for the minor children and alimony for herself. Also in paragraph five of her answer, the wife sought custody of her children.
Consequently, we recede from the opinion of October 26, 1977 and find that Cooper, supra, does apply herein. Thus, we consider the claims alluded to above as satisfying the test of Cooper and constituting a counterclaim which prevents a voluntary dismissal by her husband. See also Duke v. Duke, 109 Fla. 325, 147 So. 588 (1933).
For the reasons we have stated, we affirm the trial court’s order on all pending motions and remand the case for proceedings not inconsistent with this opinion.
SCHEB, Acting C. J., and OTT, J., concur.