PER CURIAM.
These three consolidated appeals arise from two, separate circuit court orders, each pertaining to custody of the same children.
The marriage of the parties was dissolved by a 1974 final judgment, incorporating a separation agreement giving custody of the children (Brett, now nine years of age, and Sharon, now seven years of age) to the mother, with liberal visitation rights awarded the father. In 1977, the father filed a motion to change custody based on substantial changes in the parties’ circumstances affecting the welfare of the children. The evidence showed that the husband’s new wife and the children have a good relationship, that the father can offer a stable family atmosphere, that the mother intended to move the children to Jacksonville thereby effectively reducing the father’s visitation rights and that the mother worked, with the children being sent to day care centers. Following several hearings and extensive testimony, including that of a court-appointed psychiatrist who interviewed parents and children, the court, by order dated January 18, 1978, found it in the best interests of the children to change custody to the father. On February 8,1978, without notice to the parties, the court, on its own motion, entered a second order amending the first order to reflect that the father be given “temporary custody” until the end of the school year or until June 10, 1978, whichever should come first, in order to allow proper continuity until the mother was psychiatrically and financially able to care properly for the children.
It is apparent that the court’s order of January 18, 1978, which found it in the best interests of the children to change custody to the father, is amply supported by evidence on this record. We, therefore, affirm this order on the basis of the principle in Bargeon v. Bargeon, 153 So.2d 10 (Fla.2d DCA 1963), and Rudolph v. Rudolph, 146 So.2d 397 (Fla.3d DCA 1962).
The question presented by the husband’s appeal from the order dated February 8, 1978, is whether the trial court had jurisdiction to enter the order where the time for rehearing had passed, where no matter was before the court by way of motion and where no further hearing was held. The wife, appellee in the appeal from the February 8, 1978, order, urges that the first order (of January 18, 1978) was, in actuality, a temporary order and that the court could, at any time, change the custody provisions contained therein. It is not necessary to determine whether the order was meant to be temporary or permanent at the time it was entered inasmuch as we hold that the trial court may not change a custody provision previously entered without a motion and new evidence before it. See Scheer v. Scheer, 132 So.2d 456.(Fla.3d DCA 1961), and Morrison v. Morrison, 122 So.2d 199 (Fla. 1st DCA 1960). Therefore, the order of February 8, 1978, is reversed.
Affirmed in part; reversed in part.