PER CURIAM.
Steven Taff appeals a final judgment of dissolution raising six points of alleged error by the trial court. We reverse and remand on two of those issues and otherwise affirm the final judgment.
We agree that the trial court did not comply with section 61.075, Florida Statutes (1993). The final judgment does not identify or value, with the exception of certain stock holdings and partnership interests, any significant assets. The order does not explain whether the distribution ordered therein was intended to be an equal or unequal distribution, and the justification therefor. If deemed necessary, the trial court on remand may conduct an evidentiary hearing on this issue. See Miller v. Miller, 667 So.2d 392 (Fla. 1st DCA 1995).
The trial court also erred in finding that the issue of primary residential custody of the parties’ minor child was not before the court on the ground that “[t]he Husband did not request primary residency of the [children].” Although inartfully drawn, the husband’s answer to the wife’s petition for dissolution of marriage was sufficient to put the wife and the trial court on notice that the husband intended to contest the issue of primary residency. See McFarley v. McFarley, 353 So.2d 1250 (Fla. 2d DCA), cert. denied, 364 So.2d 888 (Fla.1978) (wife adequately requested custody of the children in her answer to husband’s petition for dissolution).
MINER, LAWRENCE, and BENTON, JJ., concur.