EMMA GARRETT v. ROBERT GARRETT, Appellant.

**Divorce:** SEPARATE MAINTENANCE: *Custody of children.* Where, in an action for divorce, the court found that no sufficient cause existed for the departure of the plaintiff from the home which defendant has provided for her and their son, a decree denying the divorce, but awarding plaintiff the custody of the

son, and ordering defendant to pay a certain sum for his use and support, is erroneous.

*Appeal from Louisa District Court.*—HON. W. S. WITHROW, Judge.

WEDNESDAY, OCTOBER 2, 1901.

ACTION for a divorce and alimony, and for the custody of a minor child. Judgment denying a divorce, but awarding the plaintiff an allowance for the support of the child. The defendant appeals.—*Reversed.*

*Power & Power* and *Hale & Hale* for appellant.

*C. A. Carpenter* and *H. O. Weaver* for appellee.

SHERWIN, J.—The parties were married in June, 1881. In August, 1882, the plaintiff left the defendant, as she alleges, on account of his treatment of her, and took with her their son. They have lived apart since that time, and she has supported the son. She asks a divorce, the custody of the son, and temporary and permanent alimony. The district court found that she had no cause of action, and refused her a divorce, but awarded her the custody of the son, and ordered that the defendant pay the sum of $1,175 for his use and support, and taxed the costs of the action to the defendant. The question for our determination is whether, under the record before us, the decree can be sustained. Ordinarily the father is bound to support his minor children, and it is equally as true that he has the absolute right, in the absence of special circumstances, to support and maintain them in the home which he has provided. Neither they nor the wife can compel a separate maintenance without a sufficient reason therefor. The district court found that no sufficient cause existed for the departure of the plaintiff from the home which the defendant had provided for her and for her child. Having left the defendant without cause, she assumed the

care and maintenance of the child she took with her, and certainly cannot recover anything of the defendant therefor. At the time the decree was rendered herein by the trial court, the son was between 17 and 18 years of age, and though it appears that he is physically unable to perform much labor, no substantial reason is shown why he should remain with the plaintiff rather than with his father, and nothing in the record indicates that his welfare could be better administered to by leaving him with the plaintiff. Under these circumstances, we are clearly of opinion that the defendant should not be made to support him while he remains away from his home and beyond his control. The court erred in awarding the son's custody to the plaintiff, and in rendering judgment for his support. The judgment is REVERSED.