ALICE E. PORTER, Appellee, v. HARLEY J. PORTER, Appellant.

DIVORCE: Custody of Children—Dismissed Petition. The court has no jurisdiction to enter a custodial order for children upon the *dismissal* of an ordinary action for divorce in the trial of which no issue, express or implied, is joined on the matter of such custody; and this is true even though the petition does contain an *incidental* prayer for such custody.

*Appeal from Carroll District Court.*—E. G. ALBERT, Judge.

FEBRUARY 15, 1921.

ACTION for divorce. Plaintiff's petition was dismissed, and an order made awarding the custody of the minor children to the plaintiff. From said order the defendant appealed.—*Reversed.*

*Helmer & Minnich,* for appellant.

No appearance for appellee.

FAVILLE, J.—On July 8, 1918, plaintiff filed in the district court of Carroll County, Iowa, a petition for divorce, alleging desertion and cruel and inhuman treatment. Said petition alleged that there had been born to plaintiff and defendant, as the issue of said marriage, two daughters, aged respectively eight and three years, who have resided with the plaintiff since their birth. The prayer was in the usual form for a divorce, for the custody of said two minor children, and for alimony. The answer of the defendant, with certain admissions, was a general denial, and a prayer that plaintiff's petition be dismissed. The cause was tried in due time, and the trial court entered a finding and order to the effect that the allegations of plaintiff's petition regarding the grounds of divorce were not supported by the evidence, and plaintiff's application for divorce was denied. The court made the further finding, order, and judgment in said matter:

"But, in view of the evidence in the case, the court feels warranted in making an order as to the custody of these children, and it is therefore ordered that the plaintiff retain the

custody of said children, with the privilege of the defendant to visit the same at reasonable times and under reasonable circumstances; but the defendant is prohibited from taking the children from the custody of the plaintiff, and plaintiff's petition for divorce is dismissed."

Subsequently, the defendant filed a motion for a modification of said order and finding in respect to the custody of said children, which motion was overruled and denied.

The sole question presented by this appeal is in regard to the validity of the order awarding the custody of the children of the paid parties to the plaintiff. It will be observed from the foregoing statement that the defense interposed to the plaintiff's petition was a mere denial of the allegations of the petition, and the only prayer of the defendant was that the plaintiff's petition be dismissed. Furthermore, the record in the case shows that neither party offered any testimony whatever in regard to the custody of the children, or respecting which one of said parties was a more proper custodian. The record is entirely silent on this subject, except as the plaintiff offered evidence tending to show cruel and inhuman treatment on the part of the defendant, which the court found to be wholly insufficient to sustain said charge, in which finding the court was undoubtedly right.

We have, then, the question to determine whether, under such a state of the record, where the plaintiff's action is in the ordinary form for divorce, with an incidental prayer for the custody of children, and where no cross-petition is filed, and there is nothing but a general denial, the court, under such circumstances, can dismiss the plaintiff's petition and make a binding and enforcible decree respecting the custody of the children. While this identical question was not before us, it was discussed in the case of *Mollring v. Mollring,* 184 Iowa 464. In that action, the defendant filed a cross-petition, setting up that a divorce had been granted him in a foreign state, and praying that the custody of the minor child of the parties be awarded to him. It affirmatively appeared that each of the parties offered testimony in said cause on the question of the custody of the child. In fact, that was the only issue tried out. The proposition presented in that case was thus stated in the opinion:

"The exact question remaining is this: Though the divorce court has no power to make a custodial order upon denying the divorce, did the district court, though it had general chancery powers, lack jurisdiction to settle the custody of this child, on a cross-petition, whose filing or contents were in no manner challenged, and which prayed that the defendant have such custody, and where the parties voluntarily litigated whether or not defendant, rather than the plaintiff, was entitled to such custody?"

We held in that case that the district court had power to determine the issue before it on the cross-petition: in other words, that, where no objection was made to the forum, no transfer was asked, and where the parties offered proof and submitted the question to the court for determination as the sole contested issue in the case, the court had jurisdiction to enter a custodial order on such issue, even though the petition was dismissed and a divorce denied. We said:

"We will not interfere merely because the court did not indulge in the useless thing of declaring that it would not pass upon a matter on which all the testimony the parties had, had been submitted, in order that, when reapproached by the parties, the same judge, having the same question to settle, might retake the same proof, and then entertain the controversy."

The *Mollring* case presented a very different situation from the case at bar, and is, we think, clearly distinguishable from it. In it the specific question of custody of the children was presented by the defendant's cross-petition. The plaintiff offered her proof on her main case on the question of divorce, and her cause was submitted. The trial judge stated that the plaintiff had failed to sustain her petition for divorce, and he had not made up his mind on the law with reference to awarding custody of the children. Later, and before entry of the final decree, the appellee asked and was permitted to offer additional testimony on the question of custody. Thereupon, each of the parties offered further testimony on that question, and when it was closed, plaintiff sought to dismiss her petition for divorce. The only question left in the case was as to the custody of the children, and both parties, without objection, offered proof and submitted that question to the court.

We think the decision announced in the *Mollring* case should be limited to the issues and facts as tendered and presented in that case. In the instant case, the situation was entirely different. The plaintiff's petition did not contain one word in respect to the fitness of either party to act as custodian for the children. There was simply an allegation of the fact of the birth of the children, their names and ages, and an allegation that the plaintiff feared that, unless restrained by the court, the defendant would endeavor to take said children from the custody of the court, and cause her and the children harm. The prayer was for a divorce, for alimony, for an injunction restraining the defendant from molesting or interfering with the plaintiff or the children, and that "she may be awarded the custody of the two minor children, Mable and Paulina." The answer was a general denial, and no more.

We have read the record in this case with much care, and fail to find therein one word offered by either party that could fairly be said to bear on the issue of the custody of the children, except as the testimony offered to establish cruel and inhuman treatment might be said to incidentally bear on this question. The court properly found such evidence to be wholly insufficient to support a divorce. We think, under these circumstances, that the lower court was without jurisdiction to make the order effecting the custody of the children. In the *Mollring* case, we said:

"If, then, all there was in the case was a suit for divorce and a dismissal of the petition, there was no power in the divorce court to make custodial orders."

We believe this is a correct pronouncement of the law, and adhere to it in the instant case. Our Code Section 3180 provides:

"When a divorce is decreed, the court may make such order in relation to the children * * * as shall be right."

This power is given as incidental to the power to grant a divorce in the divorce proceeding. The matter of awarding the children is specifically conferred under this statute only in the event that a divorce is granted. Such power is not conferred as an incident to the ordinary action for divorce, where the divorce is not granted.

Cases from other courts are of comparatively little value to us in this matter, because of the variance in the statutes of the several states. It has been held in other jurisdictions, however, that, where there is simply a suit for divorce, and the application is denied, the court has no power to make custodial orders. *Keppel v. Keppel*, 92 Ga. 506; *King v. King*, 42 Mo. App. 454; *Thomas v. Thomas*, 250 Ill. 354; *Lord v. Lord*, 80 W. Va. 547; *Redding v. Redding*, (N. J. Eq.) 85 Atl. 712; *Davis v. Davis*, 75 N. Y. 221.

Upon the record in the instant case, no specific issue was tendered on the question of the custody of the children, and no proof offered in relation thereto. In denying the plaintiff a divorce, under these circumstances, with these issues and upon this proof, the court was in error in making any order regarding the custody of the children. Under these circumstances, we cannot and do not pass upon the question as to which of these parties is entitled to the custody of the children. We simply hold that the lower court had no jurisdiction to enter any order as to custody in this case.

The reversal of this case does not mean that the appellant rather than the appellee is to have such custody. That question is open for future determination, as the circumstances may justify and as may be disclosed in such further proceedings, if any, as may be instituted regarding that matter.

The order of the lower court, for the reasons stated, must be, and it is,—*Reversed.*

EVANS, C. J., STEVENS and ARTHUR, JJ., concur.