RUTH WERNER, Appellant, v. FRED WERNER, Appellee.

**DIVORCE:** Custody of Children—Preference to Mother. All other matters being equal, the court will be strongly inclined to favor the mother as the proper custodian of immature children.

Headnote 1: 19 C. J. pp. 344, 345.

Headnote 1: 41 L. R. A. (N. S.) 597; 4 A. L. R. 1115; 9 R. C. L. 476.

*Appeal from Dallas District Court.*—W. G. VANDER PLOEG, Judge.

MARCH 15, 1927.

REHEARING DENIED OCTOBER 18, 1927.

Suit for divorce. The court allowed the divorce, granted plaintiff $40 per month, and awarded her the custody of one of the children. She appeals.—*Modified and affirmed.*

*George J. Dugan* and *Blake Willis,* for appellant.

*Baker & Doran* and *John McLennan,* for appellee.

MORLING, J.—At the time of the trial, October 1, 1925, plaintiff was 34, and defendant 58. They were married October 5, 1916. Both had been previously married. The plaintiff had obtained a divorce from her former husband. The defendant's first wife was dead. Plaintiff had a child by former marriage, 13 years of age. Defendant had three children by prior marriage, all evidently of age and taking care of them-

selves. There were two children of the parties from their marriage to each other, a girl, born in April, 1918, and a boy, born in February, 1921. The present suit was commenced in April, 1925, each party asking for a divorce from the other. A prior suit had been instituted in 1922, but was settled. The court in the present case, while expressing the opinion that both parties were perhaps at fault, found that a divorce should be granted to plaintiff, and found that defendant is the owner of 116 acres of land near Perry, worth approximately $25,000, mortgaged to the amount of $20,000; that defendant has about 20 head of thoroughbred cattle, the valuation of which does not appear; that the defendant is the owner of a life estate in 160 acres, unincumbered, his three children being the owners of the fee. The court awarded to plaintiff the custody of the girl, and allowed $40 per month alimony, making it a lien upon the life estate in the 160 acres. He awarded to the defendant the custody of the boy, four and one-half years old. The questions are whether the plaintiff should have the custody of the little boy and increased allowance for support. Considerable evidence has been introduced, tending to show that defendant is morose, and some that he is of a cruel disposition. The evidence does not show that he is cruel to or has mistreated his children. He has a father's affection for them. There is no serious claim that the plaintiff is lacking in motherly instincts, or that she would not give to the children the care that they need. The defendant testified that, if he was given the custody of the boy, he would take the same care of him that he did of his first daughter.

"I would employ a lady to come to the place and take care of him. I think I could make a good home for him."

As stated, the defendant at the time of the trial was 58 years old, and not in good physical condition. There is no evidence to justify a finding that the little boy may be expected to receive from his father or from hired help the affection, care, and nurture which a mother would be expected to give to him.

Children are not mere possessions, to be divided between parents when they can no longer agree and furnish the parental home and care which nature and humanity require of them. The first duty of parents is to their children, and it is that duty that the court is called upon primarily to enforce, in determin-

ing the disposition of children in a divorce suit. This small boy, then only four and one-half years of age, is entitled to his mother's care and nurture. The clumsy, though well-meaning and loving, attention of a father, and the mercenary care of a strange woman, particularly when the child is ill, cannot replace, and are not an adequate substitute for, the affectionate and tender ministrations of a mother. If the defendant can pay for the support of the boy and his care by a stranger in his own home, he can pay the mother for such care and support in her home. The custody of the boy should have been given to the mother, subject to right of mutual visitation between father and son.

We see no reason for questioning the finding of the court relative to the defendant's financial condition, further than to add that the evidence shows that the average rental value of the tillable land is $12 per acre, and that taxes are $2.00 per acre; and the cost of upkeep is not shown. Defendant's condition, physically and financially, is not such as to give him much earning power. We agree with the lower court that property rights should be adjusted on the basis of a monthly allowance, rather than a gross sum. We are of the opinion that plaintiff should be allowed $50 per month, instead of $40 per month, as allowed by the district court, and that the court should retain jurisdiction for the purpose of making such changes as future developments may, in the interest of the children or justice to the parties, require. The decree will be modified accordingly. Either party may, if desired, have decree accordingly in this court; but, if neither so elects, the cause will be remanded for decree in the district court in accordance with this opinion.

The defendant has filed motion to dismiss, because of plaintiff's failure to file argument 40 days prior to the term. The defendant, however, was given opportunity to file, and has filed argument. The cause has been fully argued. As indicated, the rights of children, who have no control over the prosecution of the case, are involved. No prejudice to defendant appears. The motion will be overruled.—*Modified and affirmed.*

EVANS, C. J., and STEVENS and DE GRAFF, JJ., concur.