MARTHA M. OLIVER, Appellant, v. JOHN A. OLIVER, Appellee.

No. 41457.

MAY 2, 1933.

Tinley & Tinley and Robertson & Robertson, for appellant.

Hugh P. Finerty and D. E. Stuart, for appellee.

CLAUSSEN, J.—Plaintiff filed a petition asking that she be divorced from the defendant. Defendant filed a cross-petition asking that he be divorced from plaintiff. Upon the conclusion of plaintiff's case, her petition was dismissed, and the cause was tried upon the defendant's cross-petition, resulting in a decree of divorce. In this decree, three minor children of the parties were given into the custody of their grandmother, defendant's mother, and plaintiff was

awarded $600 alimony, which was established as a lien on certain real property, which was awarded to defendant. From such decree and the order dismissing her petition, plaintiff prosecutes this appeal. Subsequent to the appeal being taken, the defendant died, and, on motion, the executor of his will was substituted in this court as appellee. He filed a motion to dismiss the appeal, in so far as it was taken from the decree granting the divorce, because it was abated by the death of the defendant below, and also asked that the appeal be dismissed, in so far as the custody of the minor children is concerned, because the appeal is abated by the death of the defendant, claiming that this court is now without jurisdiction in the premises.

The motion to dismiss the appeal must be overruled. It is usually said that death of a party abates an action for divorce. In that death puts an end to the status under attack, it is idle for a court to inquire whether the status shall continue. If a decree of divorce has not been entered prior to the death of a party, none can ever be entered, but this is ordinarily the limit to which the action is abated by death. This court is committed to the rule that the death of a party will not prevent it from considering an appeal in an action for divorce in so far as property rights and the custody of children are affected by the decree from which the appeal is taken. Higgins v. Higgins, 204 Iowa 1312, 216 N. W. 693; Doolittle v. Doolittle, 166 Iowa 625, 147 N. W. 893.

In a suit for divorce, the property rights of the parties and custody of the children cannot be adjudicated, unless a case is made warranting a decree of divorce, and can only be affected in a decree granting a divorce or separate maintenance. In that the decree under consideration affects property rights and the custody of children, it is necessary that consideration be given to the record, in order that it may be ascertained whether the part of the decree affecting property and children is, in the first instance, sustained by a proper decree of divorce.

The record of the evidence covers over sixty pages. It is, on the whole, concisely abstracted. It is impossible, in the space available, to give a fair summary of the case made. Unless read with undue credulousness, the record leaves no doubt concerning the correctness of the conclusion reached by the trial court in granting the divorce upon defendant's cross-petition.

It appears that the only property owned by the parties was a

home and its furnishings. Appellant conducted a "beauty shop" in the home. The extent and character of its equipment is not disclosed. The home was given to the defendant, but appellant was awarded $600, which was established as a lien upon the home. The personal property in the residence was given to appellant, excepting certain items, practically all of which were personal to the defendant or the children. The lot on which the home was later erected was purchased in 1922. The total cost of the house and lot was $4,950, to which should be added $100 expended in finishing a room "upstairs" and $200 spent for a garage. The last two items were paid by appellant. The property was subject to a mortgage for $1,000, and defendant owed his brother $1,500 and interest in the sum of $225, for money borrowed and used in the construction of the home. Appellant says the house is badly in need of repairs. It has undoubtedly greatly depreciated in value, in keeping with all other things. The defendant was afflicted with some peculiar malady of the skin, which he contracted in the army in the World War. This ailment was evidently serious. In view of the physical condition of the defendant and the fact that he was charged with the duty of caring for the three minor children, we are of the opinion that the distribution of the property made by the trial court is not unjust to appellant.

The trial court gave the custody of the children to the defendant's mother. Appellant naturally complains very bitterly of this. We will not set forth the evidence in relation to the manner in which these children were being reared. It is evident that the children spent a considerable portion of their time with their grandmother, for appellant says: "Since the last divorce case, well, they have been with me most of the time, only occasionally one or the other of them will go down there (to the grandmother) and stay until they get angry down there and then they will come home and stay until I do something that don't quite suit them, then they go down and stay with their grandmother."

The grandmother says: "I should judge that these children have been as much in our home as in their own home since they were born."

The order will not seriously disrupt the manner of living of the children, and reserves to appellant adequate association with her children. We are satisfied that the order made by the trial court in respect to the custody of the children was for the best interests of the children, under the circumstances then surrounding them.

60

■ Appellant contends that the decree is void because it does not state that the divorce is granted to the defendant and does not contain findings of fact that one of the statutory grounds of divorce existed. There is no ambiguity in the decree. The divorce was granted upon the prayer of the party, shown by the testimony to be innocent, and is sustained by abundant testimony establishing cruel and inhuman treatment of the character required by statute as a ground for divorce. Many times, and it may be added under the better practice, decrees recite that the divorce is granted to the successful party, and contain findings of fact, but a decree, dissolving the bonds of matrimony existing between the parties, upon the petition of the innocent party and upon sufficient testimony, is not invalidated because of the omission of such matters. Campbell v. Ayres, 6 Iowa 339.

■ We may suggest that the decree in relation to the custody of the children remains subject to modification by the trial court, notwithstanding its affirmance by this court. After such affirmance, the decree is but a decree, and is subject to all the incidents which the law attaches to decrees of the district court. Affirmance is based upon the record resulting in the decree, and speaks as of the date of the decree.

The motion to dismiss the appeal is overruled. The decree of the trial court is affirmed.

KINDIG, C. J., and EVANS, STEVENS, ALBERT, and DONEGAN, JJ., concur.