In re the MARRIAGE OF Hazel A.
REED and John C. Reed.

Upon the Petition of Hazel A. REED,
Appellant, and concerning John C.
REED, Appellee.

No. 2–56587.

Supreme Court of Iowa.

March 19, 1975.

Robert D. Hall, Des Moines, for appellant.

J. R. McManus, Des Moines, for appellee.

Heard by MOORE, C. J., and MASON, LeGRAND, REES and REYNOLDSON, JJ.

REYNOLDSON, Justice.

Petitioner brought this action for dissolution of an alleged common law marriage. Trial court found there was no marriage but adjudicated certain disputed property rights in respondent's favor. We affirm in part and reverse in part.

Our disposition of this question requires no extensive recital of facts. The testimony of both parties clearly establishes the alleged marriage arose, if at all, in California. Respondent pled and proved California does not recognize common law marriages alleged to have been contracted within its borders. Calif. Civil Code § 4100.

I. Under the traditional conflict of laws rule long followed in Iowa, the validity of a marriage is determined by the law of the state in which it was contracted. Boehm v. Rohlfs, 224 Iowa 226, 230, 276 N.W. 105, 108 (1937); Dudley v. Dudley, 151 Iowa 142, 145, 130 N.W. 785, 786 (1911). The rule is applicable to either validate or invalidate marriages. 52 Am.Jur.2d, Marriage § 80, pp. 930–931 and citations. If applied to the case *sub judice*, this rule would require a finding no valid marriage existed between these parties.

We are not unmindful, however, of the current turmoil in the conflict of laws area due in large part to the emergence of the "significant contacts" approach persuasively advocated by authors of Restatement (Second) of Conflicts. This court has, in another context, found the "significant contacts" approach more acceptable than tradi-tional methods of conflict of laws analysis. Fuerste v. Bemis, 156 N.W.2d 831, 833 (Iowa 1968); see also Lindstrom v. Aetna Life Insurance Company, 203 N.W.2d 623, 628 (Iowa 1973). Were we to depart from the traditional rule here and adopt the "significant contacts" approach of Restatement (Second) of Conflicts § 283 (Validity of Marriage) petitioner would gain nothing.

■ California, as the state in which the alleged marriage arose, has an obvious interest in having its statutorily prescribed formalities observed by those claiming a California marriage. There is no public policy favoring common law marriages in Iowa. In re Estate of Fisher, 176 N.W.2d 801, 804 (Iowa 1970). Petitioner's own evidence indicates the parties actually cohabited in California for a longer period of time than in Iowa. Respondent, although an Iowa resident, seldom returned from his duties as a Merchant Marine.

Under either conflict rule California's law is applicable and necessitates a finding the parties were not married.

■ II. Petitioner raises two additional assignments for our consideration. It is first asserted trial court violated Rule of Civil Procedure 85(e) by shortening the time allowed for motions and pleadings without the necessary entry of an order. Assuming *arguendo* this rule was violated reversible error was not committed unless prejudice is shown. Lame v. Kramer, 259 Iowa 675, 681, 145 N.W.2d 597, 601 (1966). Although petitioner claims to have been denied sufficient time in which to move or plead certain contentions, the transcript shows petitioner dictated these matters into the record. Petitioner neither points to defects in her pleadings nor does she claim any other prejudice on appeal. Thus no reversible error is shown.

■ III. Petitioner's final assignment concerns the validity of trial court's order settling disputed property rights in respondent's favor. Although respondent request-

ed this relief in a portion of his answer incorrectly labeled a "cross-petition," trial court in overruling petitioner's motions initially assumed the type of relief prayed for was within the general powers to adjudicate property rights incident to a marriage dissolution conferred by § 598.21, The Code. But the power granted by that section arises only if a dissolution is granted—a contingency not met in this case. Thorn v. Kelley, 257 Iowa 719, 725, 134 N.W.2d 545, 548 (1965); Johnson v. Levis, 240 Iowa 806, 807–808, 38 N.W.2d 115, 116 (1949); Oliver v. Oliver, 216 Iowa 57, 58, 248 N.W. 233, 234 (1933). Petitioner, presumably misled by the misnomer "cross-petition," failed to precisely raise this issue but such neglect cannot confer adjudicative power on a court which has been denied that power by the legislature.

IV. Respondent's brief was due before March 4, 1974. No order to enlarge time for filing was obtained. See Rule 345.1, R.C.P. On January 13, 1975, the date of submission of this case, respondent's brief and argument was filed. On the same date, petitioner filed a motion to strike it, which motion was submitted with the appeal and is now sustained. Of course, respondent, having failed to file a brief and argument within the time provided by the rule or order enlarging the period, was denied oral argument.

We affirm trial court's finding no marriage existed and reverse that portion of the decree relating to the parties' property rights. Costs are taxed to the respondent.

Affirmed in part, reversed in part.